UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAVAR AKHMEDOV,

    Petitioner,

v.

KRISTI NOEM, et al.,

    Respondents.

_____/

CASE NO. 1:26-CV-377

HON. ROBERT J. JONKER

## ORDER

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention. The Petition was filed on February 4, 2026. (ECF No. 1). On February 6, 2026, the Court entered a briefing order on the Petition. (ECF No. 4). Respondents filed a response to the Petition on February 11, 2026 (ECF No. 5) and Petitioner filed a Reply the same date. (ECF No. 6).

Today, at 2:56 p.m., Petitioner, through counsel, filed a "Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 8). In the motion, counsel states that "[u]ndersigned counsel has just been informed that Petitioner has been relocated to a detention facility in Virgina and is scheduled to be removed from the United States tomorrow, February 26, 2026." (ECF No. 8, PageID.108). Petitioner requests an Order that prohibits Respondents from moving or removing Petitioner from the jurisdiction, presumably meaning the United States, during the pendency of these proceedings.

The Court sympathizes with Petitioner, but the Court cannot grant ex parte relief based on counsel's unverified statement.  Rule 65, which is applicable to these proceedings,[1] requires more.  And while counsel claims this is new information, Respondents actually provided notice of this in their public filing two weeks ago, on February 11.  (ECF No. 5, PageID.74).   There is no explanation of why Petitioner did not seek relief until the eve of the announced departure.  Accordingly, assuming the Court has jurisdiction to issue the relief requested where, as here, the Petitioner is no longer detained in this district,[2] the motion is **DENIED.**

    **IT IS SO ORDERED.**


Dated:  February 25, 2026          /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE

---

[1] *See Gimenez Gonzalez v. Olson*, No. 1:25-cv-1143 ECF No. 21, PageID.9 (W.D. Mich. Sept. 26, 2025).

[2] In the federal prisoner context, the Sixth Circuit Court of Appeals has remarked that "[a] district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending." *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002).  The Court is aware that courts in other districts considering § 2241 petitions from alien detainees have also concluded jurisdiction attaches at the time the petition is filed and is not defeated by transfer while the petition is pending.  *See, e.g.*, *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025), *report and recommendation adopted sub nom. Villa v. Warden, Folkston Ice Processing Ctr.*, No. 5:25-CV-89, 2025 WL 3113509 (S.D. Ga. Nov. 6, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 440 (2004)).  The Court need not finally decide the issue for purposes of resolving the instant motion.